UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHERIFAT BELLO,

                     Plaintiff,                **MEMORANDUM ORDER**

  - v -

                                                          CV-08-5253 (RJD)(VVP)

THE CITY OF NEW YORK, et al.,

                     Defendants.
------------------------------------------------------------x

      In accordance with the court's direction at a conference on September 25, 2009, the plaintiff has submitted a proposed amended complaint for review to determine whether it complies with the directions of the court at the conference. It does not. The proposed amended complaint asserts state tort law claims against the individual police officer whom the plaintiff seeks to add as a defendant. The city has argued that those claims are futile because no notice of claim was filed as required by state law. *See, e.g.*, N.Y. Gen. Mun. Law §§ 50-e and 50-i. Moreover, the time for filing a motion in state court to permit a late filing of a notice of claim has now expired. *See Pierson v. New York*, 56 N.Y.2d 950, 954 (1982) ("the application for the extension may be made before or after the commencement of the action but not more than one year and 90 days after the cause of action accrued"). The plaintiff was offered an opportunity to demonstrate that a notice of claim was filed, or that the defendants' arguments were otherwise erroneous, but essentially conceded that he was unable to do so. The court would thus be justified in determining that the state law tort claims against the individual officer are futile and that the amended complaint should be rejected insofar as it states such claims. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962).

      The difficulty with that approach is that the proposed amended complaint does not differ materially from the initial complaint, which also asserted state law tort claims against both the

city and John Doe police officers and which the city answered albeit preserving its defense concerning the failure to file a notice of claim.  And the city concedes that the amended complaint states claims under section 1983 against the individual officer arising from essentially the same conduct as the state law tort claims.  Thus, although the proposed amended complaint could be rejected on grounds of futility, the better approach is to permit it to be filed and served, and to permit the city to then make a motion to dismiss (or the plaintiff simply to withdraw) all of the state law tort claims, both those against the newly added officer and those against the previous defendants.

Accordingly, although the court agrees that some of the claims in the proposed amended complaint are futile, the plaintiff's motion to file and serve the proposed amended complaint, in the form submitted to the court on September 25, 2009, is granted.  Service is to be accomplished within 20 days.

        **SO ORDERED:**
        *Viktor V. Pohorelsky*
        VIKTOR V. POHORELSKY
        United States Magistrate Judge

Dated: Brooklyn, New York
      September 30, 2009